LAW OFFICES OF MARC LIBARLE
Marc Libarle (*CABN: 071678*)
ml7006@gmail.com
1388 Sutter St, Ste 910
San Francisco, CA 94109
Phone: (415) 928-2400

HALLER LAW PLLC
Timothy J. Haller (*Pro Hac Vice*)
haller@haller-iplaw.com
230 E Delaware Pl, Ste 5E
Chicago, IL 60611
Phone: (630) 336-4283

NOBLE IP PLLC
Gabriel I. Opatken (*Pro Hac Vice*)
gabriel@nobleipllc.com
4151 W School St, Apt 2
Chicago, IL 60641
Phone: (773) 648-5433

*Attorneys for Plaintiff,*
*DDC Technology, LLC*

O'MELVENY & MYERS LLP
Darin W. Snyder (*CABN: 136003*)
dsnyder@omm.com
Luann L. Simmons (*CABN: 203526*)
lsimmons@omm.com
Mark Liang (*CABN: 278487*)
mliang@omm.com
Amy K. Liang (*CABN: 291910*)
aliang@omm.com
Two Embarcadero Center, 28th Fl
San Francisco, CA 94111
Phone: (415) 984 8700

O'MELVENY & MYERS LLP
KRISTIN COPE (*Pro Hac Vice*)
kcope@omm.com
FRANCES MACKAY (*Pro Hac Vice*)
fmackay@omm.com
2501 N Harwood St, Ste 1700
Dallas, TX 75201
Phone: (972) 360-1900

*Attorneys for Defendant,*
*Google LLC*

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA
## SAN FRANCISCO DIVISION

| | |
|---|---|
| DDC TECHNOLOGY, LLC, | **Case No. 3:23-cv-01160-RFL** |
| Plaintiff, | **JOINT CASE MANAGEMENT STATEMENT** |
| v. | |
| GOOGLE LLC, | |
| Defendant. | |

Pursuant to this Court's Order Reassigning Case (ECF 178), Plaintiff DDC Technology, LLC ("DDC") and Defendant Google LLC ("Google") hereby submit this Joint Case Management Statement.

**A.    DATE FILED**

June 10, 2022 (in the NDTX before transfer to NDCA on March 15, 2023).

**B.    PARTIES**

Plaintiff – DDC Technology, LLC; Defendant – Google LLC.

**C.    CLAIMS**

Plaintiff asserts claims for direct and indirect infringement of its United States Patents: US Pat. Nos. 9,420,075 ("the '075 Patent"); 9,811,184 ("the '184 Patent"); 10,528,199 ("the '199 Patent"); 11,093,000 ("the '000 Patent"); and 11,093,001 ("the '001 Patent") (collectively, the "Asserted Patents"). There are no counterclaims, crossclaims, or third-party claims.

**D.    FACTS**

**Plaintiff's Statement**: As set forth in greater detail in the First Amended Complaint ("FAC") (ECF 123), Plaintiff alleges that Google infringed, and continues to infringe several claims of the Asserted Patents. The Asserted Patents are directed to virtual reality viewers ("VR Viewers" or "VR Headsets") that include a mechanism to create an input on a mobile device inside of the VR viewer housing (hence the title of the Asserted Patents, "Virtual Reality Viewer and Input Mechanism"). The claims are not limited to "cardboard" VR viewers as Google suggests below but, rather, also cover VR viewers constructed of other material (*e.g.*, plastics).

Google is alleged to directly infringe and indirectly infringe each of the Asserted Patents. Google had knowledge of the family of Asserted Patents owned by DDC prior to issuance of the first Asserted Patent in 2016. Google also used prototypes from DODOcase (the predecessor-in-interest to patent owner DDC) to develop its own infringing VR Viewers. Google not only made (or had others make) infringing VR Viewers, but also created a program – the Works With Google Cardboard ("WWGC") Program – and induced others to make and sell infringing VR Viewers. As part of the WWGC Program, Google: (1) provided specifications, computer design files, and manufacturing instructions to members of the program, and then to the public at large, which materials taught others how to manufacture infringing VR Viewers;

and (2) claimed improperly that the infringing VR Viewers were "open source." Google induced the third-party direct infringement by (a) WWGC members that used Google's specifications to make infringing "cardboard" VR Viewers; (b) WWGC members that created derivative infringing "non-cardboard" VR Viewers; and (c) non-WWGC members that created cardboard and/or non-cardboard infringing VR Viewers based on Google's improper representation that such technology was "open source."

With respect to those claims challenged by Google at the Patent Trial and Appeal Board ("PTAB"), see § I, *infra*, Google's grounds are limited to § 103 obviousness, upon which DDC expects to prevail with all claims being affirmed as valid. Among the many factors that will confirm at the PTAB that the Asserted Patents are not "obvious," and of particular interest in this action, Google's lead engineers and personnel in Google's VR division declared the invention of the Asserted Patents to be "genius," "ingenuous," and "really neat!" – all after seeing DODOcase's original prototype that embodied claims of the later-to-issue Asserted Patents.

Upon completion of the PTAB proceedings, DDC intends to request that the stay be lifted and the case permitted to resume on all remaining valid claims (with the parties following the standard deadlines set forth in the NDCA local patent rules, commencing with infringement contentions), at which time, in view of a final written decision by the PTAB, Google will be estopped from raising invalidity as a defense as to the claims challenged at the PTAB.

**Defendant's Statement**: All five Asserted Patents are related and share the same specification describing a virtual reality (VR) viewer made from cardboard that holds a smartphone and allows a user to activate the smartphone's touchscreen using an input button.  Patrick Buckley is the sole inventor of the Asserted Patents, and the company that he co-founded, DODOcase, was the original assignee.

DDC alleges, *inter alia*, (and Google denies) that Google infringes (1) directly based on Google's Cardboard Version 2 ("V2") Viewer, which was released in mid-2015, and (2) indirectly by inducing third parties who were members of Google's Works with Google Cardboard ("WWGC") program to infringe. As part of the WWGC program, Google published design guidelines for making VR viewers compatible with certain VR software applications, and third-party companies could then design, make, and sell their

own viewers using the guidelines.  DODOcase was one of the first members of Google's WWGC program. The WWGC program and Google's sale of cardboard viewers both ended by 2019.

**E.    LEGAL ISSUES**

At present, there are no known disputed points of law.

**F.    RELIEF**

Plaintiff seeks monetary damages and injunctive relief. Plaintiff intends to seek damages for lost profits but, in any event, no less than a reasonable royalty, to be calculated on a per-unit basis for all units sold by Google and all units sold by third parties induced by Google. Given the limited discovery prior to stay of this case, DDC lacks sufficient information to confirm a specific per-unit value for Google's infringement; however, DDC anticipates an expert to rely on evidence justifying lost profits at an approximate rate of $15/unit. Plaintiff also intends to seek trebled damages for Google's willful and intentional infringement of the Asserted Patents; attorneys' fees based on a finding that this case is exceptional in view of Google's conduct; and costs. Google has asserted no counterclaims and seeks no affirmative relief.

Google seeks: (i) a judgment dismissing DDC's Complaint against Google with prejudice; (ii) a declaration that Google has not infringed, directly or indirectly, any valid and enforceable claim of the Asserted Patents; (iii) a declaration that the Asserted Patents are invalid and/or unenforceable; (iv) a declaration that the case is exceptional and an award to Google of its reasonable costs and expenses of litigating, including attorneys' fees and expert witness fees; (v) a judgment limiting or barring DDC's ability to enforce the Asserted Patents in equity; and (vi) any such other and further relief as this Court may deem just and proper.

**G.    DISCOVERY**

Discovery opened on November 21, 2022. (ECF 97). The parties commenced discovery in NDTX prior to transfer. Plaintiff raised several issues with respect to Google's discovery responses, sought a meet and confer in an effort to resolve the disputes, but the issues could not be resolved prior to transfer. Upon transfer, Plaintiff requested that discovery remain open despite Google's filing of parallel PTAB proceedings (ECF 159) – the request was denied without opinion (ECF 163).

**Plaintiff's Statement**: Plaintiff remains concerned that pertinent discovery is at risk of loss for the reasons set forth in previous briefing (ECF 167 and ECF 175), and based on public revelations regarding Google's internal document retention policies or lack thereof, (see *In re Google Play Store Antitrust Litigation*, No. 3:21-md-02981 (N.D. Cal.); and *Epic Games Inc. v. Google LLC et al.*, No. 3:20-cv-05671 (N.D. Cal.)). Accordingly, DDC requests that the Court either permit discovery to proceed (at least in a limited manner, *e.g.*, deposition testimony of witnesses that stopped working for Google *after* the lawsuit was filed and production of relevant documents from those former employee files) or, at a minimum, that Google provide (a) reasonable assurances that all documents have been preserved and will continue to be preserved (especially with respect to electronic communications including email and internal chat applications); and (b) a description of any relevant documents that have not been retained and an explanation for the failure to retain said documents. Such discovery would not burden the Court, and any burden to Google (who unilaterally chose to pursue the parallel PTAB proceedings) is outweighed by the potential harm resulting from the loss of evidence. While Judge Chhabria denied DDC's request for discovery in an opinion with no findings or analysis of the facts and law, additional evidence has come to light publicly regarding Google's improper discovery-related conduct such that the issue should be considered on the merits. At a minimum, DDC should be permitted to serve discovery, which discovery requests should be provided to all relevant Google employees, representatives, and attorneys so that relevant discovery is properly secured and DDC need not rely on Google outside attorneys' "assurances."

**Defendant's Statement**:  Google contends that, as it explained in its Reply in Support of its Motion to Stay, allowing discovery to proceed while this case is stayed would "defeat[] one of the main purposes of the requested stay—conserving the resources of both the Court and the parties."  (ECF 160 at 9).  DDC's concerns about spoliation are unfounded (*Id.* at 7), as Judge Chabbria agreed, in denying DDC's request for discovery during the stay (ECF 163).  Google's document retention protocols are more than sufficient to ensure that relevant documents are preserved during the stay, and Google hereby provides DDC with its requested "reasonable assurances that all documents have been preserved and will continue to be preserved."

**H.    RELATED CASES**

The PTAB cases pending are as follows: IPR2023-00707 – '075 Patent; IPR2023-00708 – '184 Patent; IPR2023-00709 – '199 Patent; and IPR2023-00711 – '001 Patent.

**I.    PROCEDURAL HISTORY**

Plaintiff filed its original Complaint against Google (and other defendants induced by Google) on June 10, 2022 in the Northern District of Texas ("NDTX"). (ECF 1). Google answered the original Complaint, asserting no counterclaims, on September 13, 2022. (ECF 63). On November 10, 2022, Google moved the NDTX court to sever DDC's claims against it and transfer those claims to the NDCA. (ECF 94). On February 2, 2023, after four defendants were voluntarily dismissed, DDC filed its First Amended Complaint ("FAC"), which identified only Google and Orora Packaging Solutions ("OPS") as defendants in the action. (ECF 123). Google answered the FAC, asserting no counterclaims, on February 13, 2023. (ECF 131). On March 14, 2023, the NDTX court severed Google and transferred Google to the NDCA. (ECF 139).

After the transfer order, Google filed petitions for *inter partes* review ("IPR") with the Patent Trial and Appeal Board ("PTAB") challenging some claims of the Asserted Patents. Google then filed a motion seeking stay of this action based on those PTAB IPR proceedings, which the Court granted despite DDC's objections and request for limited discovery.

The Parties submitted a Joint Status Report on November 13, 2023, (ECF 174), detailing the status of the PTAB IPR proceedings per the Court's Order. On October 26, 2023, Plaintiff filed a motion for miscellaneous relief regarding Google's threats, without action, to seek sanctions against Plaintiff. (ECF 167). The Court denied the motion without opinion. (ECF 176).

**J.    DEADLINES**

No schedule has been entered in this case and there are no deadlines in view of the complete stay of this case. The Parties were required to provide a status report to the Court regarding the PTAB proceedings every 6 months. (ECF 163).

1

**K.     REQUESTED MODIFICATIONS OF DEADLINES**

2

While there are no deadlines subject to modification, Plaintiff requests that at least limited

3

discovery either be permitted to proceed or that Google provide adequate assurances regarding the

4

preservation of evidence as more fully set forth in § G, *supra*.

5

As stated in Section G, Google does not agree that discovery should be permitted during the

6

pendency of the stay, and hereby provides DDC with "reasonable assurances that all documents have been

7

preserved and will continue to be preserved," as requested. § G, *supra*.

8

**L.     CONSENT TO MAGISTRATE**

9

The Parties do not consent to a magistrate judge for trial.

10

**M.     EMERGENCY**

11

There is no immediate need for a case management conference (though Plaintiff would prefer to

12

resolve the discovery issues set forth herein as soon as possible).

13

14

15

16

Dated: December 11, 2023                              Respectfully submitted,

17

                                                     */s/ Timothy J. Haller*
                                                     HALLER LAW PLLC

18

                                                     Timothy J. Haller (*Pro Hac Vice*)

19

                                                     haller@haller-iplaw.com

20

                                                     *Counsel for Plaintiff,*

21

                                                     *DDC Technology, LLC*

22

Dated: December 11, 2023                              Respectfully submitted,

23

                                                     */s/ Mark Liang*
                                                     O'MELVENY & MYERS LLP

24

                                                     Mark Liang (*CABN: 278487*)
                                                     mliang@omm.com

25

                                                     *Counsel for Defendant,*

26

                                                     *Google LLC*

27

28